UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN O'BRIEN,<br><br>          Plaintiff,<br>v.<br><br>LEONARD WISNIEWSKI and WIZ LEASING, INC.,<br><br>          Defendants. | 3:10 - CV- 120 (CSH) |

**RULING ON DEFENDANTS' MOTION TO STRIKE**

**HAIGHT, Senior District Judge:**

**I.     BACKGROUND**

Plaintiff Karen O'Brien ("plaintiff" or "O'Brien") brings the present action for damages she allegedly suffered both during and after her employment by defendant Leonard Wisniewski ("Wisniewski) at defendant Wiz Leasing, Inc. ("Wiz Leasing"), a car dealership in Milford, Connecticut, owned and operated at all relevant times by Wisniewski.[1]  From March of 2003 to September 2008, plaintiff worked as a title clerk and then later as office manager at Wiz Leasing. Doc. #1, ¶ 5.  Plaintiff alleges that "[b]eginning in the fall of 2006, defendant Wisniewski began subjecting plaintiff to unwelcome conduct of a sexual nature," including, *inter alia*, "unwanted cards and letters," invitations for dates, telephone calls "at home late at night," "obscene gestures,"

---

[1] Wiz Leasing, Inc., is a Connecticut corporation wholly owned by defendant Leonard Wisniewski and maintains its principal place of business at 50 South Washington Street in Milford, Connecticut.  Doc. #1, ¶ 2.

1

"displays of pornography," and "many other offensive comments and actions." *Id.* On September 4, 2008, Wisniewski refused to approve a personal day off from work for plaintiff, time to which plaintiff believed she was "entitled."[2] *Id.*, ¶ 7. Plaintiff alleges that in denying her request for a day off, Wisniewski made a lewd comment and that was the "last straw" in an intolerable work environment of sexual advances.[3] Doc. #20, p. 15-16. Four days later, considering herself "constructively discharged" from her position, plaintiff wrote a letter to Wisniewski, stating that his "comments and sexual advances became to[o] much for [her] to handle." Doc. #17-4 (letter of resignation); *see also* Doc. #1, ¶ 8; Doc. #20-3, p. 30-33.

Plaintiff thereafter filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CCHRO"), alleging unlawful sexual harassment and retaliation by defendants. Doc. #1, ¶ 9. Plaintiff asserts that on February 17, 2009, defendants responded to the CCHRO complaint and the next day Wisniewski made a complaint to the Milford Police Department, accusing plaintiff of theft.[4] *Id.*, ¶¶ 11-12. Consequently, plaintiff was arrested and prosecuted for the crime of larceny in the third degree. *Id.*, ¶ 14. Upon investigation of the criminal charge against

---

[2] Defendants allege that O'Brien did not receive the day off because she had already taken off more than three weeks during 2008. Doc. #20, p. 16. Plaintiff has contested that allegation in detail in her deposition testimony. Doc. #20-3, p. 24, l. 17-25; p. 25, l. 1-4; & p. 27, l. 14 to p. 28, l. 3.

[3] Plaintiff testified at her deposition that Wisniewski responded to her request for a vacation/personal day by asking, "Do you think I would give you the time off so you could go f— your boyfriend for the weekend?" Doc. #20-3, p. 104, l. 18-22.

[4] According to defendants, plaintiff took $2,440 in cash, a partial payment made by employee Anthony Piselli on March 31, 2008, for a car he purchased from defendant. Doc. #17-7 (Statement of Anthony Piselli). Defendants allege that Wisniewski received the CCHRO complaint against him on December 24, 2008, first notified the police of the alleged theft of Piselli's cash deposit on February 9, 2009, and made a written statement about the alleged theft for the police on February 18, 2009. Doc. #17-1, p. 13-14 & n.18.

plaintiff, "an Assistant State's Attorney . . . nolled the criminal charge against her." *Id.*, ¶15.

Plaintiff's Complaint in this action sets forth six counts: two counts of malicious prosecution (Counts One and Three), two counts of intentional infliction of emotional distress (Counts Two and Four); and sex discrimination, sexual harassment and retaliation in violation of Connecticut General Statutes § 46a-60 (Count Five) and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Count Six).[5]

Defendants have filed a "Motion for Summary Judgment" (Doc. #17), in which they seek entry of judgment on each count in plaintiff's Complaint on the grounds that "[n]o reasonable jury could find that either named defendant participated in" the actions alleged by plaintiff in support of her claims.[6] Doc. #17-1. Prior to the Court's ruling on that motion, defendants have requested that the Court rule on their "Motion to Strike" (Doc. #25), which the Court now addresses.

---

[5] The action was commenced in Connecticut Superior Court, Judicial District of Ansonia/Milford, on December 28, 2009, and was removed to federal court by defendants on January 27, 2010, pursuant to 28 U.S.C. § 1441 (a). *See* Doc. #1 (Notice of Removal and Complaint). The removal is based upon the inclusion of plaintiff's federal Title VII claim – a claim "arising under the Constitution, laws, or treaties of the United States," which provides this court with federal question jurisdiction under 28 U.S.C. § 1331 and thus makes the action removable as "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As for plaintiff's state law claims, there is no diversity of citizenship conferring subject matter jurisdiction upon this Court, but supplemental jurisdiction may exist under 28 U.S.C. § 1367(a).

[6] The proper standard for granting summary judgment is when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendants argue that "when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no genuine issue for trial." Doc. #17-1, p. 5 (citing *Huminski v. Corsones*, 396 F.3d 53, 70 (2d Cir. 2005)). The Court shall address defendants' summary judgment motion in a separate ruling.

plaintiff, "an Assistant State's Attorney . . . nolled the criminal charge against her." *Id.*, ¶15.

Plaintiff's Complaint in this action sets forth six counts: two counts of malicious prosecution (Counts One and Three), two counts of intentional infliction of emotional distress (Counts Two and Four); and sex discrimination, sexual harassment and retaliation in violation of Connecticut General Statutes § 46a-60 (Count Five) and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Count Six).[5]

Defendants have filed a "Motion for Summary Judgment" (Doc. #17), in which they seek entry of judgment on each count in plaintiff's Complaint on the grounds that "[n]o reasonable jury could find that either named defendant participated in" the actions alleged by plaintiff in support of her claims.[6] Doc. #17-1. Prior to the Court's ruling on that motion, defendants have requested that the Court rule on their "Motion to Strike" (Doc. #25), which the Court now addresses.

---

[5] The action was commenced in Connecticut Superior Court, Judicial District of Ansonia/Milford, on December 28, 2009, and was removed to federal court by defendants on January 27, 2010, pursuant to 28 U.S.C. § 1441 (a). *See* Doc. #1 (Notice of Removal and Complaint). The removal is based upon the inclusion of plaintiff's federal Title VII claim – a claim "arising under the Constitution, laws, or treaties of the United States," which provides this court with federal question jurisdiction under 28 U.S.C. § 1331 and thus makes the action removable as "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As for plaintiff's state law claims, there is no diversity of citizenship conferring subject matter jurisdiction upon this Court, but supplemental jurisdiction may exist under 28 U.S.C. § 1367(a).

[6] The proper standard for granting summary judgment is when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendants argue that "when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no genuine issue for trial." Doc. #17-1, p. 5 (citing *Huminski v. Corsones*, 396 F.3d 53, 70 (2d Cir. 2005)). The Court shall address defendants' summary judgment motion in a separate ruling.

## II.     PENDING MOTION

In anticipation of this Court's ruling on their motion for summary judgment and pursuant to Rules 12(f) and 56(c)(2) of the Federal Rules of Civil Procedure, defendants have moved to "strike all immaterial, impertinent and scandalous material submitted by way of plaintiff's Opposition to defendants' Motion for Summary Judgment." Doc. #25, p. 1. In particular, defendants object to references in plaintiff's opposition to an exhibit regarding defendant Leonard Wisniewski's "prior alleged criminal acts." *Id*. Defendants further assert that plaintiff "goes on to make other inflammatory statements that are inadmissible and unsupported by any proper Rule 56 evidence." *Id.*

In their memorandum in support of their motion to strike, defendants specify the following filings and allegations by plaintiff's counsel which they wish the Court to strike: Exhibit 5, the Connecticut Department of Public Safety record of Leonard Wisniewski, Jr.; references to the criminal action, *United States v. Wisniewski, Jr., et al.*, 121 F.3d 54 (2d Cir. 1997); claim that "Wisniewski Jr. strong armed Anthony Piselli . . . into writing a false statement" and "would not give Mr. Piselli the title to a car unless he signed the false statement [accusing plaintiff of theft];" allegation that "defendant ordered another employee [named] Edward Vagini to attend Ms. O'Brien's court dates;" "stray and unsupported remark" that Wiz Leasing did not employ fifteen employees at the time this claim allegedly arose and "paid its employees in an 'unorthodox' way;" and assertion that "a significant factor in the State's Attorney's decision to drop the [theft] case against [Ms.] O'Brien was the timing of Wisniewski, Jr.'s complaint to Officer Matchett of the Milford [P]olice Department." Doc. #25-1, p. 1-2 (internal quotations omitted).

4

### III.  DISCUSSION

####   A.  Motions to Strike In General

Pursuant to Federal Rule of Civil Procedure 12(f), a court may, *sua sponte* or upon motion, strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a party's pleading.  Such motions are nonetheless generally disfavored.  *See Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 938 (2d Cir.1984), *vacated on other grounds*, 478 U.S. 1015 (1986); *see also Schramm v. Krischell*, 84 F.R.D. 294, 299 (D. Conn. 1979) ("[i]f there is any doubt as to the possibility of relevance, a judge should err on the side of denying a Rule 12(f) motion"); *Hathaway Motors, Inc. v. General Motors Corp.*, 19 F.R.D. 359, 360 (D. Conn. 1955) ("Motions to strike . . . are in disfavor"); *D'Agostino v. Housing Authority of City of Waterbury*, No. 3:05cv1057 (PCD), 2006 WL 1821355, at *2 (D. Conn. June 30, 2006) ("motions to strike are generally disfavored"); Wright & Miller, Fed. Practice & Procedure § 1380 ("[M]otions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.").

"Most importantly, Rule 12(f) allows a court to strike pleadings only.  Declarations and affidavits are not pleadings." *Ricci v. Destefano*, No. 3:04 CV 1109 (JBA), 2006 WL 2666081, at *1 (Sept. 15, 2006) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Hicks, Muse, Tate & Furst, Inc.*, No. 02 Civ. 1334(SAS), 2002 WL 1482625, at *6 (S.D.N.Y. July 10, 2002)). *See also* Fed. R. Civil P. 7 (a), (b) (distinguishing "pleadings" from "motions and other papers").  Therefore it is inappropriate to strike material contained in exhibits to motions. *Ricci*, 2006 WL 2666081, at *1. *See also Watkins v. New Castle County*, 374 F. Supp.2d 379, 394 (D.Del.2005) (court elected not to consider evidence improperly attached to reply brief, but refused to strike it from the record); *Monroe v. Board of Ed. of Town of Wolcott*, 65 F.R.D. 641, 645 (D. Conn.1975) ("A rule 12(f)

motion to strike is not strictly proper in this instance, for the record of the . . . hearing [attached to opposition to summary judgment] is not a 'pleading.'").

Similarly, "a reply memorandum is not a pleading." *Marshall v. Webster Bank, N.A.,* No. 3:10-cv-908 (JCH), 2011 WL 219693, at *12 (D. Conn. Jan. 21, 2011) (collecting cases). Thus, neither the assertions in plaintiff's counsel's reply brief, nor the exhibits attached thereto, are "pleadings" from which the Court might properly strike material under Rule 12(f).

### B.  Motions to Strike In Context of Summary Judgment

#### 1.  Federal Rule 56(c)

Furthermore, even if the Court were able to construe plaintiff's Opposition submissions as "pleadings," a motion to strike is improper with respect to summary judgment. "The Federal Rules of Civil Procedure do not explicitly allow motions to strike in the context of summary judgment." *Ferraresso v. Town of Granby*, 646 F. Supp.2d 296, 301 (D. Conn. 2009). Specifically, "Rule 56, which governs summary judgment, does not provide a 'motion to strike' as a tool in the summary judgment process." *Ferraresso*, 646 F. Supp.2d at 301. Rather, Rule 56(c), upon which defendants rely in bringing this motion, provides a means to object to inadmissible evidence referenced by the opposing party. Rule 56(c), as amended in 2010 and captioned "Summary Judgment Procedures," states in relevant part:

> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

Fed. R. Civ. P. 56(c). Federal Rule 56(c) thus contemplates that the parties will flag for the court material cited by opposing counsel which is not admissible, and hence not properly considered on

6

summary judgment.

The Committee Notes to the amended Rule 56(c), which became effective December 1, 2010, explicitly clarified that motions to strike are inappropriate in the summary judgment context. The Notes thus explained that "[t]he objection functions much as an objection at trial, adjusted for the pretrial setting," and "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Advisory Committee's Note to Fed. R. Civ. P. 56(c). The Notes further assert that "[t]here is *no need to make a separate motion to strike*. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial." *Id.* (emphasis added).

As noted above, with respect to documents filed in opposition to summary judgment, neither a Local Rule 56(a) Statement nor the evidence supporting such a statement is a "pleading." *See* Fed. R. Civ. P. 7(a) (pleadings include complaint, answer, answer to counterclaim, answer to cross-claim, third-party complaint, third-party answer, and "[o]nly these pleadings are allowed"). *See also Ricci*, 2006 WL 2666081, at *1.

Furthermore, motions to strike are to be directed at "redundant, immaterial, impertinent or scandalous matter," Fed. R. Civ.P. 12(f), and not designed to resolve disputes over the admissibility of evidence. For that reason, courts within this District have traditionally disapproved of the use of a motion to strike in the context of summary judgement." *See, e.g., Tzanetis v. Weinstein & Riley, P.S.,* No. 3:09-CV-00413 (DJS), 2010 WL 3925250, at *1 (D. Conn. Sept. 28, 2010) ("the Court has consistently disapproved of the use of motions to strike during the summary judgment process") (collecting cases); *Ferraresso*, 646 F. Supp.2d at 301 ("The undersigned has expressed his disapproval of filing motions to strike during the summary judgment process, noting that in the

context of summary judgment, motions to strike are unnecessary and produce only redundant statements by the court that it has not relied on such inadmissible evidence in deciding the summary judgment motion.") (internal quotations and citation omitted).[7]

### 2. **Local Rule 56(a)**

Under the Local Rules, when ruling on summary judgment, Courts are required to consider only evidence that is admissible. *See* D. Conn. L. Civ. R. 56(a)(1) (court may only consider statements of fact that are "supported by the evidence"); *Giannullo v. City of New York*, 322 F.3d 139, 142 (2d Cir.2003).[8] Courts "undertake this obligation faithfully and fully review the proffered evidence of record and draw appropriate conclusions." *Ricci*, 2006 WL 2666081, at *3.

As Judge Squatrito noted in *Martin v. Town of Westport*, 558 F. Supp.2d 228, 231 (D.Conn.2008), "the court knows the difference between admissible and non-admissible evidence, and would not base a summary judgment decision simply upon the self-serving *ipse dixit* of a

---

[7]As Judge Arterton explained in *Ricci v. Destefano*, No. 3:04 CV 1109 (JBA), 2006 WL 2666081, at *2 (Sept. 15, 2006):

> The Local Rule 56(a) Statement requirement was adopted to supplement the summary judgment briefing and to focus on which issues the parties dispute and which are uncontested. Thus, a party's responsive statement to an opponent's Rule 56(a) Statement is not a vehicle for analyzing the admissibility of the opponent's evidence or criticizing the opponent's characterizations of that evidence; it is rather a vehicle for alerting the Court to areas of fact that are claimed to be disputed or undisputed. Striking paragraphs of the Statement provides no assistance to the Court with this endeavor.

[8]*See also* D. Conn. L. Civ. R. 56(a)(3) ("Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. ").

particular party." Thus, "[i]f a party wishes to argue that an asserted material fact is not supported by the evidence, that party may do so in its summary judgment briefing." *Id.* (internal quotations and citation omitted).

Courts within this District have explicitly denied motions to strike as unnecessary because courts review and rely only upon admissible evidence on summary judgment. *See. e.g., Radolf v. Univ. of Conn.*, 364 F. Supp.2d 204, 230 (D. Conn.2005) (denying as moot motions to strike portions of affidavit and Local Rule 56(a) Statement because court did not rely on challenged evidence); *Waananen v. Barry*, 343 F.Supp.2d 161, 172 (D. Conn.2004) (denying motions to strike exhibits and paragraphs of Rule 56(a) Statement as moot because not relied on by court); *Barlow v. Conn.*, 319 F. Supp.2d 250, 259 (D. Conn.2004) (denying motion to strike 56(a) Statement as moot because not relied on by court).

Defendants' current motion to strike is addressed to plaintiff's counsel's statements within his reply brief and Exhibit 5 appended thereto. The objects of this motion are consequently not "pleadings" – *i.e.*, not subject to having their contents stricken pursuant to Federal Rule 12(f). Furthermore, the motion has been filed in the context of summary judgment, rendering it inappropriate *per se*. On summary judgment, parties "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence," Fed. R. Civ.P. 56(c)(2), and the Court is obligated to consider only admissible evidence, D. Conn. L. Civ. R. 56(a)(1).

**IV.     CONCLUSION**

In sum, a motion to strike is only proper when directed at "pleadings," within the meaning

9

Fed. R. Civil P. 7 (a). Plaintiff's reply brief and the attached exhibits are not pleadings and thus not properly subject to a Rule 12(f) motion to strike.

Furthermore, a motion to strike is unnecessary and inappropriate in the summary judgment context. *See* Fed.R.Civ.P. 56(c)(2). On summary judgment, parties "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *Id*.

Lastly, in light of the Court's duty to review and rely exclusively upon admissible evidence when ruling on summary judgment, there is, in any event, no need to strike plaintiff's submissions at issue. *See* D. Conn. L. Civ. R. 56(a)(1). The Court shall fulfill its duty to consider only admissible evidence when ruling on defendants' motion for summary judgment. All portions of plaintiff's opposition to that motion, and the exhibits thereto, that are *not* rooted in evidence shall receive no consideration by the Court. Therefore, defendants' Motion to Strike (Doc. #25) is DENIED.

It is SO ORDERED.
Dated: New Haven, Connecticut
       April 3, 2012

                                      */s/Charles S. Haight, Jr.*
                                      Charles S. Haight, Jr.
                                      Senior United States District Judge