UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN O'BRIEN,<br><br>    Plaintiff,<br>v.<br><br>LEONARD WISNIEWSKI and WIZ LEASING, INC.,<br><br>    Defendants. | 3:10 - CV- 120 (CSH)<br><br>APRIL 29, 2013 |

**MEMORANDUM AND ORDER**

**HAIGHT, Senior District Judge:**

      This action, brought by a Connecticut domiciliary against her former Connecticut employer corporate employer and its president, was removed by Defendants from a Connecticut state court to this Court.  Defendants move for summary judgment dismissing all of Plaintiffs' claims.  For the reasons stated *infra*, and pursuant to its inherent power to regulate its calendar, the Court declines to consider Defendants' summary judgment motion at this time, and makes a direction for further submissions.

      From March 2003 to September 2008, Plaintiff Karen O'Brien was employed by the corporate Defendant Wiz Leasing, Inc. ("Wiz Leasing"), a car dealership in Milford, Connecticut, owned and operated by the individual Defendant, Leonard Wisniewski ("Wisniewski). O'Brien worked first as a title clerk, and then as officer manager at Wiz Leasing.

      On December 18, 2009, O'Brien filed a complaint against both Defendants in the Connecticut Superior Court for the Judicial District of Ansonia/Milford. O'Brien's complaint alleged six counts:

1

two counts of malicious prosecution (one count against each Defendant); two counts of intentional infliction of emotional distress (one count against each Defendant); and two counts for sex discrimination, sexual harassment and retaliation, against Defendant Wiz Leasing only – one of those counts alleging violation of Conn. Gen Stat. § 46a-60, and the other alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.  For the purposes of this Memorandum and Order, it is not necessary to recite the details of Plaintiffs' allegations in support of those counts against Defendants.

By Notice of Motion filed on January 10, 2010 [Doc. 1], Defendants removed the action from the Connecticut state court to this Court.  In support of that removal, Defendants asserted that this Court had original jurisdiction over the action pursuant to "28 U.S.C. § 1332."  That reference is clearly erroneous; § 1332 confers jurisdiction on federal district courts in cases of diverse citizenship, and there is no indication in the case at bar that all parties are anything other than citizens of Connecticut.  Later submissions in the case, such as an early Report of Parties' Planning Meeting [Doc. 7], make it plain that the only basis for Defendants' removal of the action from state court is 28 U.S.C. § *1331*, which confers subject matter jurisdiction upon federal district courts in "all civil actions arising under the Constitution, laws or treaties of the United States."  The only federal law implicated by the case at bar is Title VII of the 1964 Civil Rights Act, which Count Six of O'Brien's complaint alleges Defendant Wiz Leasing violated.  But for that alleged violation, Defendants would have no basis for removing the case to this Court, in derogation of Plaintiff's preference for the state court as manifested by her filing the complaint in that court.

Defendants now move under Fed. R. Civ. P. 56 for summary judgment dismissing all six counts in Plaintiff's complaint.  Their brief [Doc. 17-1] at 29 says in support of summary judgment

2

on Count Six: "Since the plaintiff has not created an issue of material fact as to whether Wiz Leasing employed more than fifteen employees in 2007 or 2008, this Court must grant summary judgment on Count Six."  That contention is based upon the definition in Title VII of an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).  It is well settled that an employer of less than fifteen employees is not covered by or subject to Title VII.  Defendants move for summary judgment on that ground because, according to their brief, at her deposition Plaintiff "could name only twelve people that had worked for Wiz Leasing, including herself and Mr. Wisniewski, four of whom she identified as independent contractors, which she knew from working as the office manager," [Doc. 17-1] at  29.

This asserted ground for summary judgment on Count Six is problematic for two reasons.  First, there is something unseemly about a defendant removing a case from state to federal court on the sole basis of plaintiff's assertion of a claim under a federal statute and then, having achieved the removal, contending that the federal statute does not apply to the case.  Second, it is disingenuous for Defendants at bar to suggest that the statutory requisite of at least fifteen *Defendants'* employees was not present upon *Plaintiff's* seeming inability to name that many at her deposition.  Defendants know how many employees they had and during what periods of time.  If one indulges the assumption that Defendants are law-abiding, they have IRS-generated documents squarely addressing that question.

In *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), the Supreme Court confronted the question "whether the numerical qualification contained in Title VII's definition of 'employer' affects federal-court subject-matter jurisdiction or, instead, delineates a substantive ingredient of a Title VII claim

for relief." *Id*. at 503. The Court held that "the employee-numerosity requirement relates to the substantive adequacy of Arbaugh's Title VII claim, and therefore could not be raised defensively late in the lawsuit, *i.e.*, after Y&H had failed to assert the objection prior to the close of trial on the merits." *Id.* at 504. In arriving at that decision, the Court distinguished between "the objection that a federal court lacks subject-matter jurisdiction," which "may be raised by a party, or by a court on its own initiative, at any stage in the litigation," and "the objection that a complaint 'fail[s] to state a claim upon which relief can be granted,'" which "may not be asserted post-trial." *Id*. at 506-507. The Court let stand a jury verdict in plaintiff's favor of state law claims where the employer did not raise the numerosity objection until a post-verdict motion to dismiss, on the ostensible ground of lack of subject matter jurisdiction.

The Supreme Court in *Arbaugh* cited approvingly, among conflicting circuit court cases, the decision of the Second Circuit in *Da Silva v. Kinsho International Corp.*, 229 F.3d 358 (2000), which affirmed as a permissible act of discretion the district court's deciding that the numerosity requirement had not been met on a Title VII claim but asserting pendent jurisdiction over state law claims and allowing a jury's verdict in favor of plaintiff on those claims to stand. Judge Newman's opinion said of the plaintiff: "Her ultimate failure to prove single employer status is not a ground for dismissing for lack of subject matter jurisdiction or even for failure to state claim; it is a ground for defeating her federal claim on the merits." *Id.* at 365. Judge Newman then went on to say:

> Of course, a Title VII defendant wishing to defeat a plaintiff's claim on the ground that it lacks fifteen employees is normally entitled to seek dismissal if the complaint shows on its face that the element of statutory coverage is lacking, or to seek summary judgment on that issue if undisputed facts can be presented to defeat coverage. Whether such an employer remains exposed in federal court to liability for state law claims on the basis of supplemental jurisdiction

4

>       after the federal case is dismissed, will depend on the usual factors
>       guiding a district court's discretion to exercise such jurisdiction.

*Id*. at 365-366 (citations and footnote omitted).

The Defendants at bar say in their brief [Doc. 17-1] at 29 n. 24, with non-disarming simplicity, that "[g]ranting summary judgment on Count Six does not deprive this Court of subject matter jurisdiction, or its ability to rule on Counts One through Five on the merits," and "the defendants respectfully request this Court to grant summary judgment on all counts rather than remand to state court."  It is not as simple as that.  If at the pertinent times there is no question that Wiz Leasing did not have at least the statutorily required fifteen employees, a fact Wiz Leasing had to know, then Defendants' removal of the case from state court was improvidently, perhaps abusively, made.  To support their motion for summary judgment, Defendants cannot cast upon Plaintiffs the burden of showing that this material fact exists; rather, the Court grants summary judgment only if "*the movant* shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) (emphasis added).  In the case at bar, Defendants would be entitled to judgment as a matter of law dismissing Plaintiff's Title VII claim if there is no genuine dispute as to the material fact of a statutory insufficiency in the number of Defendants' employees, but Defendant Wiz Leasing as the moving party must make that showing by means of evidentiary material that would be admissible at trial.  If it should appear that the Plaintiff's federal claim must be dismissed on this ground, the Court will consider whether or not to exercise its discretion in keeping jurisdiction over the pendent state claims.

In these circumstances, this Court, in the interest of fairness, proper governance of the case, and sensible expenditure of judicial resources, makes this Order:

1. Defendants are directed to file and serve evidentiary material which will show the names and numbers of individuals who were employees of Defendant Wiz Leasing during the periods of time specified by § 2000e(b) of Title VII, together with any additional evidence which will allow Plaintiff to offer a contention and the Court to decide whether, at those pertinent times:

    (a)     There is no genuine dispute that Wiz Leasing did not have at least fifteen employees; or

    (b)     There is no genuine dispute that Wiz Leasing had at least fifteen employees; or

    (c)     There is a genuine dispute that as to whether or not Wiz Leasing had at least fifteen employees.

2. Defendants are directed to make the submissions described in Paragraph (1) no later than **May 17, 2013.**

3. Plaintiff is directed to file and serve her further responsive submissions no later than **May 29, 2013.**

4. All proceedings in this case are STAYED pending these submissions and the Court's further Order.

It is SO ORDERED.

Dated: New Haven, Connecticut
       April 29, 2013

                                        */s/Charles S. Haight, Jr.*
                                        CHARLES S. HAIGHT, JR.
                                        SENIOR UNITED STATES DISTRICT JUDGE